**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ADAM ROBERT DELAPAZ                                                             PLAINTIFF


v.                                              4:21-cv-00835-JM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                               DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge James
M. Moody Jr.   The parties may file specific objections to these findings and recommendations
and must provide the factual or legal basis for each objection.   The objections must be filed with
the Clerk no later than fourteen (14) days from the date of the findings and recommendations.   A
copy must be served on the opposing party.   The district judge, even in the absence of objections,
may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Adam Delapaz, has appealed the final decision of the Commissioner of the Social
Security Administration to deny his claim for disability insurance benefits.   Both parties have
submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is
supported by substantial evidence on the record as a whole and free of legal error.   *Slusser v.
Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see
also* 42 U.S.C. §§ 405(g), 1383(c)(3).   Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402

U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*,

3 F.3d 1210, 1213 (8th Cir. 1993).   After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and recommend the

Complaint be DISMISSED.

Plaintiff is relatively young – only forty-four years old.  (Tr. 36.)  He has a high school

education, (*id.*) and past relevant work as a vegetable farm worker, dock hand and sewer line

repairer.  (Tr. 24.)

The ALJ[1] found Mr. Delapaz had not engaged in substantial gainful activity since June 19,

2018 - the alleged onset date.  (Tr. 13.)  He has "severe" impairments in the form of "Bipolar

Disorder, Anxiety Disorder, Antisocial Personality Disorder and a Seizure Disorder."  *Id.*   The

ALJ further found Mr. Delapaz did not have an impairment or combination of impairments

meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 14-

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.   20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

16.)

The ALJ determined Mr. Delapaz had the residual functional capacity to perform work at all exertional levels, but "he could not climb on ladders, ropes, or scaffolds and he could not be exposed to unprotected heights or hazards in the workplace such as driving or operation of dangerous machinery. In addition, he could perform simple, routine, and repetitive tasks with supervision that was simple, direct, and concrete; with a reasoning level not to exceed 2; no more than occasional changes in the work place setting; and no interaction with the general public required.  (Tr. 16.)  Based on the residual functional capacity assessment, the ALJ determined Mr. Delapaz could no longer perform his past relevant work.  (Tr. 24.)  The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments.   Based on the testimony of the vocational expert, (Tr. 45-48), the ALJ determined he could perform the jobs of kitchen helper and hand packager.  (Tr. 25.)   Accordingly, the ALJ determined Mr. Delapaz was not disabled.   (Tr. 26.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.   (Tr. 1-6.)  Plaintiff filed the instant Complaint initiating this appeal.   (Doc. No. 2.)

In support of his Complaint, Plaintiff argues, "The ALJ did not explain his consideration of the supportability factor in determining the persuasiveness of Dr. Faucett's opinion. The ALJ failed to comply with the mandatory regulatory requirements for articulating his evaluation of medical opinion evidence."   (Doc. No. 14 at 7-11.)

Claims filed after March 27, 2017, like Mr. Delapaz's, are analyzed under 20 C.F.R. § 404.1520c.  *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020).   Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including

controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians.   20 C.F.R. § 404.1520c(a).   The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion.   20 C.F.R. § 404.1520c(a), (c).   The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency.   20 C.F.R. § 404.1520c(b)(2).   "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be."   20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the record, I find that ALJ properly evaluated the opinion of John M. Faucett, Ph.D.   When discussing Dr. Faucett's opinion, the ALJ addressed both supportability and consistency factors.

Dr. Faucett completed a Mental Diagnostic Evaluation of Plaintiff.   (Tr. 374-379.)   With regard to his evaluation, the ALJ stated:

> After a mental diagnostic evaluation in February 2019, Dr. Faucett diagnosed the claimant with bipolar I disorder, unspecified anxiety disorder, and antisocial personality disorder. The claimant noted he was not able to manage personal finances because he would spend money recklessly, but he could perform most activities of daily living autonomously. Dr. Faucett opined that the claimant was able to communicate in an intelligible and effective manner, but had difficulty getting along with others. He also opined that the claimant appeared to sustain a reasonable degree of cognitive efficiency and was able to track and respond to various kinds of questions and tasks without remarkable slowing or distractibility and he appeared to possess the cognitive capacity to perform basic work like tasks. The claimant was also able to attend to and sustain concentration and he demonstrated adequate capacity to sustain persistence in completing tasks (Ex. B4F). While the report of a consultative physician who examines the claimant once

4

does not constitute "substantial" evidence on the record as a whole, Dr. Faucett's findings seemed consistent with the overall record and his opinion was found to per persuasive in this matter.

(Tr. 22-23.)

The ALJ stated that Dr. Faucett's findings "seemed *consistent* with the overall record." And with respect to supportability -while not specifically using the term *supportability* – the ALJ's opinion addresses it in the very next paragraph.   In that next paragraph, the ALJ stated:

> While the claimant clearly had been diagnosed with several mental health conditions that were being treatment with medications, there was no indication of any ongoing treatment from a mental health provider. His medications were being managed by a primary care provider. There was also some indication at times that the claimant was not complaint with his medications. Based on the overall record, the undersigned found that the claimant could perform simple, routine, and repetitive tasks with supervision that was simple, direct, and concrete; with a reasoning level not to exceed 2; no more than occasional changes in the work place setting; and no interaction with the general public required.

(Tr. 23.)

Based on the above selections from the ALJ's opinion, I conclude that the ALJ fairly considered both consistency and supportability.   So, I find - in accordance with 20 C.F.R. § 404.1520c - the ALJ fully considered all of the medical opinions and evaluated and explained their persuasiveness under the pertinent factors.

Additionally, I note that Plaintiff's argument rests largely on Plaintiff's subjective statements to Dr. Faucett.   However, the objective medical records simply fail to support a claim of *complete disability*.   Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 1382(a)(3)(A).   A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Plaintiff's counsel has done an admirable job advocating for Mr. Delapaz's rights in this case.   It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.   *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 22nd of July 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE